```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  12-21256-CIV-SEITZ
                              MAGISTRATE P. A. WHITE
PHILLIPPE FRANKLIN,           :

      Plaintiff,              :

v.                            :         REPORT OF
                                     MAGISTRATE JUDGE
DEPARTMENT OF CORRECTIONS,    :

      Defendant.              :
_____
```

The pro-se plaintiff, Phillippe Franklin, filed a civil rights complaint pursuant to 42 U.S.C. §1983 (De#1). The plaintiff is proceeding  in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal –

\*   \*   \*

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

2

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions. <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B. <u>Factual Allegations</u>

The complaint is not on the proper form and does not comply with the Federal Rules of Civil Procedure. However, as the complaint is without merit, the plaintiff will not be ordered to

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

3

file an amended complaint.

The plaintiff states that he has been prejudiced in his criminal proceedings as his privately retained counsel, Kirk Barrow, is in league with the state prosecutor Taryn Brean to punish him. He contends the prosecutor furnished fraudulent material information. He has filed complaints to the Florida Bar, with no assistance.

The plaintiff refers in his complaint to state case no. F11 26220, and provides the In Custody Inmate Information Report from the Metro West Detention Center, indicating he is faced with charges of stealing a vehicle and grant theft. He further provided records from the Miami Dade County Circuit Court Criminal Division, indicating he was taken into custody and denied bond, as he is on probation in Leon County.[2] He seeks monetary relief.

C.  Analysis of Sufficiency of Complaint

At the outset, the Court notes that Attorney Barrow and Prosecutor Brean are not proper defendants in a federal civil rights action. They are immune from a §1983 suit for damages. The plaintiff must demonstrate that he has been deprived of a federally protected right by a person acting under "color of state law". Polk County v Dodson, 454 U.S. 312 (1981). Barrow, a privately retained attorney, does not act under color of state law. Any claims against Brean, acting in the role of a prosecuting attorney, are subject to dismissal. Prosecutors performing "prosecutorial functions" receive absolute immunity and are therefore not subject to suit in a federal civil rights action.  See Imbler v. Pachtman, 424 U.S. 409

---

[2] These records are a matter of public record and do not convert this pleading into a motion for summary judgment.

(1976). Absolute prosecutorial immunity applies where a prosecutor's activities are "intimately associated with the judicial phase of the criminal process. . . ." Imbler, 424 U.S. at 430. The plaintiff's conclusory allegations of wrongdoing by Brean, that he wishes to punish the plaintiff and has submitted fraudulent material is merely conclusory, and clearly insufficient to remove his cloak of absolute immunity and subject him to civil liability.

Secondly, Franklin is essentially dissatisfied with the proceedings in his criminal case, and thus these claims, in essence, challenge aspects of his criminal proceedings, and are therefore not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are premature and not cognizable under §1983.

Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996). In this case, if convicted, the plaintiff may file a petition for writ of habeas corpus, challenging his conviction after exhausting his state remedies. His claims are barred by Heck and its progeny.

5

Lastly, Courts do not generally interfere with ongoing state courts proceedings, in which the plaintiff is represented by an attorney. As indicated in the Exhibits provided by the plaintiff, he is a pre-trial detainee in an ongoing criminal proceeding, and is represented by counsel. Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971). "Younger abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Christman v. Crist, 315 Fed. Appx. 231, 232 (11 Cir. 2009) (citing 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11 Cir. 2003)). The plaintiff has provided no sufficient reason for this Court to overlook the principles of abstention.

### III. Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 4th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Phillippe Franklin, Pro Se
      #110079662
      Metro West Detention Center
      Address of record
```